UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY ALLEN ROWE,

        Plaintiff,

   v.                                      CAUSE NO. 3:20-CV-966-DRL-MGG

DAWN BUSS *et al.*,

        Defendants.

## OPINION & ORDER

Jeffrey Allen Rowe, a prisoner without a lawyer, filed a complaint against Assistant Warden Dawn Buss and Commissioner Robert E. Carter, Jr. He challenges the constitutionality of a prison policy for managing COVID-19 risks that treats inmates who leave the facility to attend medical appointments differently than inmates who leave the facility to attend court proceedings. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Rowe alleges that the prison permits inmates who leave the facility to receive medical care to return without being quarantined if certain conditions are met. Namely, the prisoners cannot be out of the facility for more than twenty-four hours, they must

wear a mask at all times, follow social distancing and hand washing guidelines, not come into direct contact with anyone known to have COVID-19, and remain under the direct control and observation of the transport officers. If these conditions aren't met, then the inmate is quarantined for fourteen days upon his return to the facility. Before this policy, inmates attending medical appointments were quarantined upon their return. Mr. Rowe indicates that this policy exception was implemented in response to prisoners declining to attend medical appointments because they did not want to be quarantined for fourteen days upon their return.

Mr. Rowe filed a motion to reduce his sentence with the LaPorte Circuit Court, and the matter was scheduled for a hearing. In advance of his hearing, Mr. Rowe inquired about whether he would be quarantined upon his return. Assistant Warden Dawn Buss responded by indicating that he would need to be quarantined upon his return. According to Mr. Rowe, she explained that some courts don't test for COVID-19, while offsite hospitals and clinics do.

Mr. Rowe attended court on September 18, 2020. He met all the criteria to avoid quarantine, if he had left for a medical appointment instead of a court hearing. Upon his return, he was quarantined for fourteen days. He had limited human interaction during this time. He was subjected to bright lights, did not have a television, and had limited reading material.

Mr. Rowe asserts that he was quarantined in retaliation for filing his motion seeking a sentence modification. "To prevail on his First Amendment retaliation claim, [Mr. Rowe] must show that (1) he engaged in activity protected by the First Amendment;

2

(2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Even assuming that a fourteen-day quarantine is a deprivation that is likely to deter First Amendment activity, and in the environment today that isn't plausible, Mr. Rowe hasn't plausibly alleged a link between his filing a motion to modify his sentence—something that has nothing to do with Ms. Buss—and her decision not to extend the policy exempting inmates who attend medical appointments from quarantine to inmates who attend court hearings. Therefore, Mr. Rowe may not proceed against Assistant Warden Buss for retaliation.

In addition to retaliation, Mr. Rowe alleges that the policy of not offering inmates attending court the same option to avoid quarantine offered to those attending medical appointments is not rationally related to a legitimate penological interests. Under the Equal Protection Clause, because Mr. Rowe does not suggest that the defendants targeted him due to his membership in a suspect class, rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id.* To uphold governmental conduct under rational basis review, the court "need only find a reasonably conceivable state of facts that could provide a rational basis for the classification." *Indiana Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015). Here, Assistant Warden Buss explained her reasoning – medical clinics test patients for COVID-19, when not all courts do. While reasonable people can certainly

3

disagree about whether these two groups of inmates should be treated differently, in the midst of an unprecedented global pandemic that has proved particularly challenging in institutional settings, Assistant Warden Buss offers a rational reason for this protocol. Her response provides sufficient justification for treating inmates who attend medical appoints differently than inmates that attend court proceedings. Thus, Mr. Rowe will not be permitted to proceed on this claim.

Mr. Rowe argues in the alternative that, to the extent prisoners returning from court must be quarantined, even if they follow the COVID-19 safety protocols, those returning from medical appointments pose the same risk, and Assistant Warden Buss is therefore being deliberately indifferent to his safety when she does not quarantine those who leave for medical appointments. This argument is without merit. Mr. Rowe's Eighth Amendment rights are not violated when an inmate who attends a medical appointment and follows all the safety protocols outlined by the prison is not quarantined.

Mr. Rowe has also sued Commissioner Carter in his official capacity for injunctive relief. Because his complaint does not allege a constitutional violation, no injunctive relief is available to Mr. Rowe.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

Accordingly, the court DISMISSES the case under 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

November 23, 2020

*s/ Damon R. Leichty*
Judge, United States District Court